Alcee L. HASTINGS, Plaintiff,

Walter L. Nixon, Jr.,
Intervening Plaintiff,

v.

UNITED STATES SENATE, the IMPEACHMENT TRIAL COMMITTEE, Established Pursuant to Senate Resolution 38, Walter J. Stewart, Secretary of the United States Senate, and Joseph E. Jenifer, as Acting Public Printer of the United States Government Printing Office, Defendants.

Civ. A. No. 89–1602.

United States District Court,
District of Columbia.

July 5, 1989.

Terrence J. Anderson and Patricia Graham Williams, Miami, Fla., Robert S. Catz, Washington, D.C., and William M. Kunstler and Ramsey Clark, New York City, for plaintiff.

Michael Davidson and Morgan J. Frankel, Office of Senate Legal Counsel, Washington, D.C., for defendants.

## MEMORANDUM

GESELL, District Judge.

At the eleventh hour United States District Judge Alcee L. Hastings seeks by this complaint to stop his impeachment proceedings in the United States Senate which are scheduled to commence July 10, 1989. Judge Hastings contends that the contemplated impeachment hearing is procedurally flawed because a committee is being used as part of the process. This, he contends, will deny him due process because the trial will not be conducted entirely before the full body of the Senate, which he urges is required by Article I, Section 3 of the Constitution. District Judge Walter L. Nixon, Jr. has intervened in support of this primary claim, having demonstrated that he, too, will face similar impeachment hearings in the Senate later in the fall. As each judge well knows the Senate as an entity cannot be effectively sued. Therefore, Judge Hastings also asks that the individual defendants who would normally implement impeachment proceedings be preliminarily enjoined. All defendants have responded by a single motion to dismiss. All motions are elaborately documented and there has been full argument by all parties. The Court has consolidated aspects of the preliminary injunction motion with a hearing on the merits pursuant to Rule 65(a)(2) of the Federal Rules of Civil Procedure.

Judge Hastings' complaint also advances other claims. He contends that the Senate is violating his 5th Amendment double jeopardy rights, because a jury previously acquitted him of some charges the Senate will be considering. He urges that he is being denied effective assistance of counsel and that the Senate has unconstitutionally diminished his pay because it has not provided attorney's fees for his defense. He also seeks to block the committee's efforts to receive a stipulation of uncontested facts and documents. All these claims boil down to what is essentially a charge that the Senate is violating his due process rights to a fair trial by trying him in the first place and by subjecting him to the committee process in the second.

The Court has jurisdiction to hear at least the constitutional aspects of Judge Hastings' complaint under its general federal question jurisdiction, 28 U.S.C. § 1331.

## Rule XI:

■ Judge Hastings' impeachment proceedings are governed by Rule XI of the Rules of Procedure and Practice in the Senate When Sitting on Impeachment Trials, which the Senate adopted in 1935. The Senate passed implementing rules by Resolution for this specific trial, acting on recommendations from the Rules Committee, which considered various fair trial aspects of the case. Impeachment Rule XI authorizes the appointment of a Senate Committee "to receive evidence and take testimony" and to "report to the Senate in writing a certified copy of the transcript of the proceedings and testimony had and given before such committee." S.Doc. No. 101-3, 101st Cong., 1st Sess. 15 (1989). The report issued by the committee to the Senate will not make conclusions or recommendations to convict or acquit on each Article, but will be more in the nature of a neutral

summary. The Rules Committee recommendations provide that the entire committee hearing will be taped. It will be broadcast to each Senator's office. Senators may replay the tape at any time for any purpose such as to evaluate the demeanor of witnesses whose credibility may be placed in issue. S.Rep. No. 101–1, 101st Cong., 1st Sess. 112 (1989). The Senate trial is scheduled so as to give Senators not on the committee approximately one month to read the report and review any tapes or evidence they wish to consult before taking the requisite oaths and voting on impeachment.

The Committee format has not prevented full participation by the Senate. The Senate as a whole fully heard Judge Hastings' motions to dismiss. 135 Cong.Rec. S2550–64 (daily ed. Mar. 15, 1989), *Id.,* S.2802–04 (daily ed. Mar. 16, 1989). Moreover, Rule XI specifically reserves to the Senate as a whole the right to hear directly the testimony of any or all witnesses it desires at any time prior to the impeachment vote.

Insofar as Judges Hastings and Nixon contend that they each have an individual right to an impeachment tried before the full Senate and that a federal district court may supervise the Senate's procedures for impeachment, they are mistaken. Article I, Section 3 provides that "The Senate shall have the sole power to try all impeachments," and Section 5 of the same Article states that "each House may determine the Rules of its Proceedings." It is crystal clear that impeachment proceedings are wholly committed to Congress under the Constitution. Thus a classic political question is presented under *Baker v. Carr,* 369 U.S. 186, 217, 82 S.Ct. 691, 710, 7 L.Ed.2d 663 (1962). Absent evidence that the Senate is violating the Constitution, the Court should stay its hand.

The use of a committee to develop facts is not a new idea. This was the practice of the House of Lords in the early part of the

17th Century, and the possibility of using a committee in the process was first proposed in the Senate as early as 1904. Thereafter, the committee approach was debated from time to time. Some urged use of a committee because as few as three Senators had been present during impeachment trials before the full body, which proceeded even in the absence of a quorum. In recent years Senators have relied heavily on written materials developed in their absence when an impeachment matter came to a vote. The committee procedure was used in 1986 for the impeachment of Judge Claiborne and, with some modification of procedures in light of that experience, it has been reinvoked. S.Rep. No. 101–1, 101st Cong., 1st Sess. 9–15, 110–115 (1989); S.Rep. No. 100–542, 100th Cong., 2d Sess. 113–114 (1988).

It is not this Court's function to tinker with the Senate's procedures or to anticipate problems that could arise. The procedures adopted do not by their terms violate any constitutional rights or offend fundamental notions of justice.

The Senate's interpretation of what type of trial Article I, Section 3 requires is entitled to deference, absent a clear Constitutional violation. Judge Hastings through his able counsel argued forcefully before the Senate his conception of what a trial required, and the Senate rejected it.[1] The Constitution simply does not specify in detail what is required for the trial before the Senate beyond: 1) an oath or affirmation 2) a two-thirds vote 3) the possible punishment or remedy and 4) who presides when the President is tried. The Constitution does not say that the *full* Senate must try all impeachments, nor does the verb "try" necessitate granting the accused all the requirements of modern criminal due process as the complaining judges suggest. In fact, at the time the Constitution was drafted, definitions of "try" included "to sit in judgment" and "to examine (a person)

---

1. *See, e.g., Memorandum of Behalf of United States District Judge Alcee L. Hastings Concerning the Use of a Rule XI Senate Trial Committee to Receive Evidence in this Case,* Sept. 6, 1988, Def. Appendix p. 21; *Impeachment Trial Procedures: Hearing before the Committee on Rules and Administration,* 101st Cong., 1st Sess., S.Hrg. 101–3 (1989); S.Rep. No. 100–542, 100th Cong. 2d Sess. (1988); Cong.Rec. S2803–04 (daily ed. March 16, 1988), adopting S.Res. 38, providing for the appointment of a committee to receive evidence with respect to Judge Hastings.

for the purpose of testing his qualifications."[2] Of course, persons and bodies may sit in judgment without having received evidence in the manner Article III courts try criminal charges.

The relief sought by plaintiff and intervenor would be utterly foreign to our system of divided powers. As Chief Justice Marshall stated in *McCulloch v. Maryland*, 17 U.S. (4 Wheat) 316, 421, 4 L.Ed. 579 (1819):

> [T]he sound construction of the constitution must allow to the national legislature that discretion, with respect to the means by which the powers it confers are to be carried into execution, which will enable that body to perform the high duties assigned to it, in the manner most beneficial to the people.

Courts in this District have regularly rejected other petitions seeking judicial supervision of Congressional proceedings;[3] a court found that the Senate was the sole tribunal for Judge Ritter's impeachment proceedings in the 1930's when he sought judicial review,[4] and the Court today likewise refuses to second-guess the Senate's impeachment proceedings.

Double Jeopardy:

Judge Hastings nonetheless contends that his impeachment is primarily a second trial of the same criminal charges which resulted in his acquittal after jury trial. While many but by no means all of the Articles of Impeachment concern aspects of his felony trial, his position is again premised on a fundamental misapprehension. Because he believes he is entitled to the process owed an accused criminal, he urges that principles of double jeopardy should apply, but impeachment is not a criminal proceeding.

Impeachment trials are sui generis: in several instances in the Constitution, impeachment is distinguished from criminal proceedings. The accused has no right to a jury, and the President may not pardon a person convicted by impeachment. The Framers understood that impeachment trials were fundamentally political, which seems to indicate that impartiality—however much it has been present and is to be desired—is not guaranteed. It is clear that the federal rules of evidence do not apply in impeachment trials, and the Constitution itself does not require unanimity among the Senators sitting in judgment. Senators determine their own burdens of proof: they need not be persuaded beyond a reasonable doubt that the defendant committed each and every element of every Article. Deviating from English precedent, the Framers sharply limited the remedies or punishment available upon conviction to disqualification and removal from office, and when the Constitution speaks of Article III judges, it states, as the certificate of every federal judge repeats, that he or she serves subject to good behavior. While some process is clearly due, rights are not necessarily compromised by varying from the rights and process accorded defendants in criminal proceedings. At trial the Senators themselves may again weigh if they see fit Judge Hastings' claims that he has been wrongly tried because of his earlier acquittal.[5]

---

2. Oxford English Dictionary, 2d ed., Vol. XVIII at 630. Other now-obsolete meanings included: to separate (one thing) from another or others; to set apart; to take or get out, to extract; to ascertain, find out (something doubtful, obscure or secret) by search or examination; to sift out. Quotations exemplifying many of these definitions are indicated as having legal meanings.

3. *Claiborne v. United States Senate*, C.A. No. 86–2780 (D.D.C.1986), Hearing on Motion for Temporary Restraining Order, October 8, 1986, at 4; *Williams v. Bush*, C.A. No. 81–2839 (D.D.C. 1981), Hearing on Motion for Temporary Restraining Order, Nov. 27, 1981, at 23; Memorandum, February 3, 1982.

4. *Ritter v. United States*, 84 Ct.Cl. 293, 296 (1936), *cert. denied*, 300 U.S. 668, 57 S.Ct. 513, 81 L.Ed. 875 (1937).

5. Senator Specter voted to deny Judge Hastings' motion to dismiss, but inserted a thoughtful essay on developments in double jeopardy law into the Congressional Record, stating that after all the evidence is in, the Senate would revisit and more fully consider Judge Hastings' claims going to the fundamental fairness of the proceedings. 135 Cong.Rec. S.2804 (daily ed. March 16, 1989).

■ Judge Hastings suggests that Article I, Section 3, which states that "the Party convicted shall nevertheless be liable and subject to Indictment, Trial, Judgment and Punishment, according to Law" by implication bars impeachment following an acquittal. The more natural meaning of the Constitution is that it acknowledges separate and different roles for the executive's power of prosecution and the legislature's impeachment powers. It is unthinkable that the executive branch could effectively prevent an impeachment by purporting to try a judge or that the judiciary could prevent an impeachment by accepting a plea. Rather, the executive and legislative branches have different roles to play if a judge engages in criminal behavior. Moreover, Judge Hastings faces Articles of Impeachment charging false testimony, fabrication of false records and grossly improper disclosure of confidential law enforcement information, for which he was not previously tried. Impeachment proceedings are not to be restricted by principles of double jeopardy any more than a conviction always necessitates impeachment.

Trial Expenses:

■ The Court must also reject Judge Hastings' ineffective assistance of counsel and diminution of pay arguments. No substantive statute provides for attorney fees for judges or any other official in impeachment proceedings. While the burdens of legal defense can of course be heavy, the Senate alone determines procedures in this regard as in other matters raised in the complaint. The Senate will be paying the expenses of necessary witnesses for Judge Hastings. As yet, it is uncertain whether the Senate would pay Judge Hastings' fees if he is acquitted. It has not apparently paid expenses up front in the past and it is not subjecting Judge Hastings to special treatment different from that used in prior impeachments. The situation presented does not violate Article III, Section 1.

Speech and Debate Clause:

■ The complaints also raise troubling Speech and Debate clause issues. Article I, Section 6 provides that Senators and Representatives' speech or debate shall not be questioned in any other place. The Supreme Court has construed this clause broadly, and this Court must accordingly protect the legitimate activities of Senators acting within their constitutionally prescribed functions, including legislation and impeachment. *See, United States v. Johnson*, 383 U.S. 169, 180, 86 S.Ct. 749, 755, 15 L.Ed.2d 681 (1966); *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 95 S.Ct. 1813, 44 L.Ed.2d 324 (1975); *Gravel v. United States*, 408 U.S. 606, 625, 92 S.Ct. 2614, 2627, 33 L.Ed.2d 583 (1972); *In re Request for Access to Grand Jury Materials*, 833 F.2d 1438, 1446 (11th Cir.1987). Judge Hastings has sought to obviate the clear requirements of the Constitution by naming the Secretary of the Senate and the Acting Public Printer. However, their functions in this matter are to assist the Senators in conducting the hearings and disseminating the transcripts and committee report to Senators not on the committee. For the purposes of this action, their internal functions are fully protected by the Speech and Debate Clause. Even if the Court were to enjoin these persons, the Senate could simply designate one of its own members to fulfill their ministerial functions. Any order issued by the Court restraining the functions of these defendants not protected by the Speech and Debate Clause would have no effect.

Conclusion:

During the argument, counsel for Judge Hastings made subtle suggestions to the Court that there was some special need to protect Article III judges from the Senate's impeachment power because the independence of the judiciary might be compromised. This was an ill-advised argument. Given the size of the federal judiciary, surely an occasional judge will violate his or her duty and it strengthens rather than lessens the independent judiciary if such behavior is decisively identified and the offending judge removed. The Senate has been tolerant in such matters, cautious and careful, for it recognizes the need to move

only where the conduct of a judge under scrutiny compels action. To now suggest that Article III judges should have a preference not mentioned in the Constitution illustrates the mistaken notion that the judiciary is above normal constitutional standards. As is the case with officials of any branch of government, judges gain respect through their own actions, not by receiving preferential treatment when misconduct occurs.

 There is no possibility of success on the merits, all equities favor the Senate, and the public interest will be served by permitting the impeachment trial of Judge Hastings to proceed as contemplated by the Senate. Due to the political question raised, for prudential reasons, and in recognition of the Speech and Debate Clause, the Court finds the case non-justiciable and it declines to become involved in monitoring the Senate's constitutionally-assigned proceedings.

The complaints are dismissed. An appropriate Order is filed herewith.